FILED

MAY 10 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISIAH DANIELS,

    Petitioner,

v.

A. P. KANE,

    Respondent.

No. C 04-5123 MHP (pr)

**ORDER DENYING MOTIONS TO DISMISS AND FOR DEFAULT**

Respondent has moved to dismiss this action on the ground that the petition for writ of habeas corpus was not filed within the time allowed by the statute of limitations in 28 U.S.C. § 2244(d). Petitioner has opposed the motion and has filed a separate motion to find respondent in default for filing a motion to dismiss rather than an answer to the order to show cause.

A.    <u>Respondent's Motion To Dismiss</u>

A one-year statute of limitations exists for petitions for writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the <u>latest</u> of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate

of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The question here is whether the first or fourth of these starting dates should be used.

Respondent asserts that the starting date for the limitations period should be the ordinary one, i.e., one year from the date on which petitioner's judgment of conviction became final. See 28 U.S.C. § 2244(d)(1)(A). The court disagrees.

Using the date the conviction became final as the starting date does not make sense in the context of the particular claim asserted here. The only claim in the petition is that petitioner's right to due process was violated by a breach of the plea agreement he entered. Starting the limitations period for a breach of plea agreement claim on the date the conviction becomes final makes no more sense than starting the limitations period for a breach of contract claim on the date the contract is entered. In some cases, a breach might occur years after the plea agreement (or contract) is formed and until there is a breach, the claim has not accrued. Respondent's approach would have the statute of limitations expire before the claim even accrued.

A more sensible starting date for the limitations period for a claim of a breach of the plea agreement is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). This starting date would fit with the date a petitioner knew or should have known that a breach occurred.

This of course raises the question of when the factual predicate of the breach of plea agreement claim could or should have been discovered. Petitioner describes his claim rather fuzzily but apparently claims that the state breached a plea agreement term that he was to be eligible for parole not more than 9 years after sentencing and have a parole date set. Compare Amendment To Petition, p. 2 (plea agreement included a provision that he would be "eligible for parole in 7, 8 or 9 years from sentencing date depending on accumulated credit and having a parole date set"); and id. at 3 (state breached "by not taking petitioner to his Board of Prison Term Hearing and having a parole date set as instructed by the courts

2

1   under the terms of his plea agreement") with Marin County Petition For Writ Of Error Coram
2   Nobis, p. 3 (describing plea agreement term "as a 7 year sentence followed by the possibility
3   of parole after serving 7, 8, or 9 years," and he was assured by the court he "would be eligible
4   and placed on parole no later than 9 years."); and id. at 2 (when he went before the Board of
5   Prison Terms ("BPT") on January 12, 2004, he "was informed at that time, that petitioner's
6   earliest eligibility was January 2008, placing petitioner in state prison for over 11 years
7   before even being eligible for parole"). If petitioner's version of the term of the plea
8   agreement is assumed to be true, he should have and did discover the factual predicate for the
9   breach claim on January 12, 2004, when he learned that he would not be paroled within 9
10  years of being sentenced. Respondent argues at length in his reply brief that petitioner is
11  misstating a term of the plea agreement: there was no such term and therefore no breach of it.

13  The parties' debate about the existence of a term in the plea agreement confuses the
14  merits of the breach of plea agreement claim with the timeliness of the claim. If respondent
15  is believed, there was no breach because the plea agreement did not include the term
16  petitioner argues was breached. If petitioner is believed, there was a breach that occurred
17  when the state failed to perform on the term. Respondent has not shown that the court can
18  decide the merits of the habeas claim at the motion to dismiss stage of the proceedings. For
19  purposes of deciding the motion to dismiss, the court will assume that there was a breach.
20  Assuming that there was a breach, plaintiff learned of the factual predicate of his due process
21  claim on January 12, 2004 when he learned that he was not going to receive a parole date
22  within 9 years of being sentenced. See 28 U.S.C. § 2244(d)(1)(d). It is that date on which the
23  alleged breach accrued; not seven years earlier in 1997 when the conviction became final.
24  Respondent's motion to dismiss the petition as untimely is DENIED. (Docket # 11.)
25  It is very important for the parties to understand that the court has not decided what
26  the terms of the plea agreement were and has not decided whether the breach of plea
27  agreement claim has any merit. The court has merely assumed that there was a breach to
28  decide when the statute of limitations period began for a claim for that alleged breach. The

3

1 parties can address the merits of the claim in their briefs on the merits of the petition for
2 which the court now sets the following schedule: Respondent must file and serve his answer
3 no later than **June 16, 2006**. Petitioner must file and serve his traverse no later than **July 21,**
4 **2006**.

5 B.   Petitioner's Motion To Find Respondent In Default

6 Petitioner has moved the court to find respondent in default because respondent filed a
7 motion to dismiss instead of an answer to the order to show cause. Petitioner's motion is
8 DENIED. (Docket # 14.) Respondent's motion to dismiss was permissible and therefore will
9 not be stricken or subject him to default. See White v. Lewis, 874 F.2d 599, 600, 602-03
10 (9th Cir. 1989). The court is receptive to a respondent raising threshold problems (such as
11 lack of jurisdiction, failure to exhaust, improper venue, lack of custody, mootness, and
12 untimeliness) by motion rather than in the answer. When the court sees a procedural problem
13 in its initial review of a habeas petition, it often invites a motion to dismiss rather than an
14 answer. However, as here, there often is not enough information in the petition to alert the
15 court to the existence of a potential procedural problem and the court issues an order to show
16 cause why the writ should not be granted. By doing so, the court does not intend to preclude
17 respondent to move to dismiss the petition for a threshold procedural problem. Respondent
18 is not in default for having filed a motion to dismiss rather than an answer.

19 IT IS SO ORDERED.
20 DATED: May _9_, 2006

_____
Marilyn Hall Patel
United States District Judge